UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR LEON WILSON,

    Plaintiff,                                           Case Number 2:12-13591

v.                                                         Honorable Arthur J Tarnow

DETROIT POLICE DEPARTMENT, et. al.,

    Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Victor Leon Wilson, a state inmate currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

### I. BACKGROUND

In his complaint, Plaintiff names the Detroit Police Department, four individually named Detroit police officers, a Wayne County assistant prosecutor, and two child-protective services workers, as defendants. The complaint alleges that the defendants knowingly pursued false allegations of criminal sexual conduct against him, which resulted in Plaintiff being illegally held in jail for a period of twelve-days from January 16, 2009 until January 27, 2009. Plaintiff attached a copy of the criminal complaint and warrant filed against him that shows he was charged on January 2, 2009, with two counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. (Plaintiff's Exhibits C and E). Plaintiff alleges that he was falsely accused of sexually

penetrating two minor girls, and as a result, the two first-degree charges were dropped after the preliminary examination. Plaintiff provides a copy of an order of dismissal, showing that the first-degree criminal sexual conduct charges were dismissed by the 36th District Court for insufficient evidence. (Plaintiff's Exhibit F).

This did not end the matter, however. Petitioner was still bound-over for trial on charges of second-degree criminal sexual conduct for engaging in sexual contact with the girls. After a jury trial, he was found guilty of these offenses, and he was sentenced to thirty-to-fifty years in prison. *See People v. Wilson,* No. 296307 (Mich.Ct.App. December 15, 2011).[1] The Michigan Court of Appeals affirmed. *Id.* Plaintiff remains incarcerated for this conviction.[2]

Petitioner seeks damages in an amount "greater than $120,000" for his wrongful pre-trial imprisonment for twelve days on the original charges.

## II. STANDARD

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.

---

[1] The court obtained this information from www.westlaw.com.

[2] The court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Roberts*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### III. DISCUSSION

Plaintiff may not seek monetary damages absent a showing that his criminal conviction have been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Because Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendant fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. App'x. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001); *See also Scheib v.*

3

*Grand Rapids Sheriff's Dept.,* 25 Fed. App'x. 276, 277 (6th Cir. 2001)(state inmate's § 1983 claim that fabricated police records influenced charges brought against him would affect validity of his still-standing conviction, and thus were barred by *Heck* rule). The fact that Plaintiff's first-degree criminal sexual conduct charges were dismissed and he was convicted of the lesser offense of second-degree criminal sexual conduct does not change the result. *See Barnes v. Wright,* 449 F. 3d 709, 716-17 (6th Cir. 2006); *Baker v. Wittevrongel*, 363 F. App'x 146, 150 (3d Cir. 2010); *St. Germain v. Isenhower*, 98 F. Supp. 2d 1366, 1371-72 (S.D. Fla. 2000) (conviction on a lesser-included offense does not constitute a favorable termination for the accused).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because the court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *See e.g. Finley v. Densford,* 90 Fed. App'x. 137, 138 (6th Cir. 2004).

### IV. CONCLUSION

IT IS ORDERED that the Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

                                                  s/Arthur J. Tarnow
                                                  Arthur J. Tarnow
                                                  United States District Judge

Dated: August 28, 2012

**CERTIFICATE OF SERVICE**

I hereby certify on August 28, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 28, 2012: **Victor Leon Wilson.**

                                                 s/Michael E. Lang
                                                 Deputy Clerk to
                                                 District Judge Arthur J. Tarnow
                                                 (313) 234-5182